FRUGÉ, Judge.
Defendants appeal from a judgment granting a Motion for Summary Judgment in favor of the plaintiff. We reverse and remand on finding a material issue of fact which requires trial on the merits.
On June 13, 1973, Turnkey Constructors, Inc., the plaintiff herein, filed suit seeking enforcement of a labor and materialman’s lien in the amount of $15,661.37, plus 10% attorney’s fees. The defendants are the property owner, Dewey, Cheatum and Howe, Inc., the contractors, R. L. Saucier, Jr. and North American Contracting Corporation, and their surety, Travelers Indemnity Company.
The plaintiff alleged a contract between itself as sub-contractor and the defendant contractor for carpentry work to be performed on a work project in Lafayette, Louisiana. It further alleged that upon completion of the work covered under the contract, the defendants defaulted in their payments to the plaintiff. The plaintiff filed a proper lien in Lafayette Parish in July of 1972, attaching a detailed, three-page statement of account. The defendants thereafter filed a bond in the amount of $19,576.71. Answers of general denial were filed by each of the defendants. On May 30, 1974, the plaintiff filed its Motion for Summary Judgment, supported by its properly recorded lien affidavit, the bond for said lien, the sworn three-page statement of account, and its timely filing in Lafayette Parish of a notice of a filing of suit. Defendants filed affidavits of one of the defendants and a licensed architect who had inspected the construction site in 1972. The Motion for Summary Judgment was heard on July 5, and taken under advisement, and on November 6, 1974, a judgment was rendered in favor of the plaintiff. A Motion for a New Trial was filed and subsequently denied. This appeal followed.
The Motion for Summary Judgment is governed by Article 966 of the Code of Civil Procedure, which provides in pertinent part, as follows:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. .
“ . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Article 967 of the Code of Civil Procedure provides that the supporting or opposing affidavit must be made on personal knowledge and must set forth such facts as would be admissible in evidence and show that the affiant is competent to testify to the matters stated in the affidavits.
The defendants in this case argue that there is a material issue of fact involved as *411 to whether or not the work was done and the plaintiff was paid for his work. These issues are raised by affidavits of Saucier, who is one of the defendants herein, and L. Jaco LeBlanc, an architect who was asked by the defendants to inspect the job site and determine whether or not the work had been done according to specifications. The affidavit of Saucier demonstrates that he had personal knowledge of the facts alleged in the affidavit because he was one of the parties to the contract. His affidavit indicates that the plaintiff did not fully comply with the contractual agreements between the parties because of the failure of the plaintiff to clean up the job site properly following the construction work, because the plaintiff unnecessarily delayed the work to be done by other subcontractors on the work project, and because the work was done in an unwork-manlike manner. The affidavit of Le-Blanc indicated that upon inspecting the job site he concluded that the work done by the plaintiff had not met the specifications called for in the building plans.
The affidavit of LeBlanc is of questionable value in resolving the issue before this court inasmuch as the inspection of the job site alluded to in the affidavit took place a year before the suit was filed. However, the affidavit of Saucier clearly indicates that there is a material issue of fact as to whether or not the plaintiff complied with the contractual obligations agreed upon by the parties. Therefore, this case must be remanded to the district court for trial on the merits to determine the issues of fact raised by the pleadings and affidavits herein.
For the reasons assigned, the judgment of the trial court is reversed and the case is remanded for trial on the merits. The costs of this appeal are assessed against plaintiff-appellee, with all other costs to be assessed at the conclusion of the trial on the merits.
Reversed and remanded.
WATSON, J., dissents.